**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:10-CV-539-FDW-DCK**

| | |
|---|---|
| LEE CONSTRUCTION COMPANY OF THE CAROLINAS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ZURICH AMERICAN INSURANCE COMPANY, ZURICH SERVICES CORPORATION, and JAMES A. SCOTT & SON, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## CONSENT PROTECTIVE ORDER

The Parties hereto agree that the above action may involve the production or disclosure of personal, confidential, sensitive or proprietary business information, or trade secrets (collectively referred to as "Confidential Information"), and hereby stipulate, subject to approval by the Court, to the following as a Protective Order which shall govern the production or disclosure of Confidential Information to ensure continued confidentiality during the case.

This Protective Order governs the production or disclosure of all Confidential Information produced by the parties and non-parties during the course of discovery, hearings or trial in this action. In addition, the parties contemplate that Confidential Information may be produced by a non-party. Any portion of a deposition transcript, pleading or other document into which Confidential Information is placed or quoted shall also be considered Confidential Information.

## DESIGNATION

In connection with discovery proceedings in this action, any non-public document, material, or information may be designated as "CONFIDENTIAL". The producing party shall be obligated

to designate only documents or information which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the producing party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

The term "CONFIDENTIAL" applies to information, testimony, documents, and data which is determined by the producing party, acting in good faith, to be non-public and to be proprietary, financial, business confidential information, or protected personal information.

## NOTICE AND MARKINGS

Any documents, material or information may be designated "CONFIDENTIAL" by furnishing a separate written notice to the receiving party specifically identifying the items or their designation, or by stamping the legend "CONFIDENTIAL" on each page of the documents, material or information prior to production.

Any party may designate any portion or all of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within 15 days of the receipt of the transcript.

## INADVERTENT FAILURE TO DESIGNATE

Failure to designate or stamp as "CONFIDENTIAL" at the time of production shall not be a waiver of the protection for Confidential Information, provided that counsel promptly notifies the receiving party upon realizing the failure. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

## OBJECTION TO DESIGNATION

If a party receiving designated Confidential Information objects to the designation, it shall treat the information as it is designated until the parties resolve the dispute by agreement or by order of the Court.

## USE OF CONFIDENTIAL INFORMATION

All Confidential Information as defined herein shall be used solely for the purpose of this action.

Confidential Information which has been designated "CONFIDENTIAL" shall be disclosed only to:

(1) The counsel for any party in this action and their employees or contractors (such as photocopy services) who are assisting them in this action, and any party, to the extent necessary to prepare this case for this litigation;

(2) Consultants and expert witnesses who have been retained by the party or its attorneys for this action, provided that each such person first executes a written "Acknowledgement" in the form attached;

(3) Directors, officers, or employees of the parties and their parent companies who require the information to assist in the prosecution or defense of this action, including in-house counsel of any party hereto;

(4) The Court and persons associated with or employed by the Court whose duties require access to the information;

(5) Persons having personal knowledge of any such record by virtue of their having prepared, received and/or reviewed that record prior to this litigation;

(6) Any witness, but only to the extent that such witness' testimony involves the matters governed by, subsumed within, or otherwise affected by information or documents designated as

Confidential material, provided that each such witness first executes a written "Acknowledgement" in the form attached;

(7) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

(8) Jurors and prospective jurors; and

(9) The claims personnel of the liability insurers of any party who require the information to assist in the prosecution or defense of this action, including in-house counsel of any such insurer.

Nothing herein shall restrict the persons identified above from making working copies for use in the case, which working copy shall be automatically designated as "CONFIDENTIAL".

As to those persons who sign the Acknowledgement form, the party obtaining the signed Acknowledgement shall have the obligation to maintain the Acknowledgement record.

If Confidential Information designated as "CONFIDENTIAL" is sought to be used or introduced at a hearing or trial of this action, counsel for the party seeking to use or introduce such Confidential Information shall so advise the Court and request that the Court take such steps as it deems appropriate to protect the confidentiality of the information.

All Confidential Information designated as "CONFIDENTIAL", any copies thereof, and the information contained therein, shall not be given, shown, made available to, or communicated in any way to anyone, except those persons listed above, unless ordered by the Court or done with the prior written consent of producing party's counsel, or as required by law.

The parties to this Order expressly reserve the right to seek any appropriate order modifying this Order or imposing additional restrictions on discovery in this action, including an order that production not be had.

If Confidential Information designated as "CONFIDENTIAL" is disclosed to any person other than inadvertent disclosure or in the manner authorized by this Order, the party or counsel responsible for the improper disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other parties and their counsel, and without prejudice to the rights and remedies of the other parties and their counsel, shall make every reasonable effort to prevent further disclosure by them or by the person who was the recipient of such information.

## INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

If a producing party inadvertently discloses to the receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned. It is further agreed that the receiving party will promptly return such inadvertently produced item or items of information and all copies thereof upon either (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

## CONFIDENTIAL INFORMATION FROM A NON-PARTY

If any non-party is to produce any documents or information to parties in this action that the non-party reasonably believes contains Confidential Information, the non-party shall have the same rights as the parties to designate documents and information as Confidential Information under this Protective Order and to have such documents and information treated as Confidential Information. A non-party shall have no further rights under this Protective Order other than the ability to designate its documents and information as Confidential Information under the terms hereof and to

5

have such documents and information treated as Confidential Information, as well as having the same rights as a producing party given under the section entitled, "Inadvertent Disclosure of Privileged Information" above.

### OBLIGATIONS OF PARTIES

Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation, and in the course thereof, relying upon any Confidential Information, provided, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as otherwise permitted by this Order.

### TERMINATION OF LITIGATION

Within thirty (30) days of the final conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the producing party all Confidential Information, at the option of the party making the confidentiality designation. The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

### ADDITIONAL PROTECTION

Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to

the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**AGREED AND STIPULATED TO:**

s/Andrew W. Lax
Andrew W. Lax, Esquire, NC Bar No. 13014
Louis G. Spencer, NC Bar No. 36019
McNair Law Firm, P.A.
Two Wachovia Center
301 South Tryon Street, Suite 1615
Charlotte, North Carolina 28282
704.347-1170
alax@mcnair.net

Benjamin E. Nicholson, V
[admitted *pro haec vice*]
McNair Law Firm, P.A.
Post Office Box 11390
Columbia, SC 29211
803.799.9800
nnicholson@mcnair.net
Attorneys for the Plaintiff

s/James W. Bryan
James W. Bryan, NC Bar No. 16575
E. Taylor Stukes, NC Bar No. 37077
Nexsen Pruet, PLLC
P. O. Box 3463
Greensboro, NC 27402
336.373.1600
jbryan@nexsenpruet.com
tstukes@nexsenpruet.com
Attorneys for Defendants Zurich

s/Stephen G. Teague
Stephen G. Teague, NC Bar No. 11112
Lynn K. Broom, NC Bar No. 17674
Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC
101 S. Elm Street, Suite 350
Greensboro, NC 27401
336.272.4810
sgt@trslaw.com
lkb@trslaw.com
Attorneys for Defendant Scott

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-539-FDW-DCK**

| | |
|---|---|
| LEE CONSTRUCTION COMPANY ) | |
| OF THE CAROLINAS, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ACKNOWLEDGEMENT** |
| ) | |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY, ZURICH SERVICES ) | |
| CORPORATION, and JAMES A. ) | |
| SCOTT & SON, INC., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

_____, being duly sworn, deposes and says:

1. (Statement of Employment)

2. I have read the Consent Protective Order filed _____, \_\_\_\_\_, as entered into by the parties in connection with Civil Action No. 1:10 CV 581, Middle District of North Carolina. I fully understand and agree to the restrictions on my use of the documents, records, and other materials described in that Consent Protective Order and the information contained herein.

3. I understand that unauthorized disclosure of confidential information constitutes contempt of court and may subject me to sanctions and damages.

4. I declare under penalty of perjury under the laws of the United States of America; that the foregoing is true and correct.

Executed on:_____

_____
(Name - Print)

_____
(Signature)

## ORDER OF APPROVAL

IT IS ORDERED that the foregoing terms of the Consent Protective Order agreed to by the parties, including the Acknowledgement form are approved, shall be made of record, and shall govern the disclosure and use of confidential information in this action.

Signed: April 18, 2011

David C. Keesler
United States Magistrate Judge