IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-539-FDW-DCK

| | |
|---|---|
| LEE CONSTRUCTION COMPANY OF THE CAROLINAS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ZURICH AMERICAN INSURANCE COMPANY, ZURICH SERVICES CORPORATION, and JAMES A. SCOTT & SON, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## CONSENT PROTECTIVE ORDER NO. 2

Defendants Zurich American Insurance Company ("Zurich American") and Zurich Services Corporation ("Zurich Services") (collectively "Zurich Defendants"), Defendant James A. Scott & Son, Inc. ("Scott"), and Plaintiff Lee Construction Company of the Carolinas, Inc. ("Lee") (collectively "the Parties") agree that the above action may involve the production or disclosure of information by Zurich Defendants, Lee, the non-party law firm Cranfill Sumner & Hartzog, LLP ("Cranfill Sumner"), and certain non-party experts retained to perform work related to the bridge collapse at issue, that may be protected by the attorney-client privilege or the attorney work product immunity doctrine (collectively referred to as "Privileged Information"), and hereby stipulate, subject to approval by the Court, to the following as a protective order which shall govern the production or disclosure of Privileged Information to ensure that the privileges and immunities protecting such information continue as to non-parties to this case. Privileged Information shall include, without limitation, the e-mail from Cranfill Sumner dated February 7, 2009, which was the subject of the Unopposed Motion to Seal by Zurich Defendants filed on May 5, 2011 (Doc. No. 34).

This Consent Protective Order governs the production or disclosure of all potentially Privileged Information produced by Zurich Defendants, Lee, Cranfill Sumner, and the retained experts during the course of discovery, hearings, or trial in this action. Any portion of a deposition transcript, pleading, or other document into which Privileged Information is placed or quoted shall also be considered Privileged Information.

**PROCEDURE**

With regard to Privileged Information, the parties shall follow the processes for designating, marking, discovering, and using such information and acknowledging the protections provided for Confidential Information in Consent Protective Order No. 1. All of the provisions of Consent Protective Order No. 1 shall apply to the Privileged Information marked by Zurich Defendants, Lee, Cranfill Sumner, and the retained experts as Confidential Information and such provisions are incorporated into this Order by reference. This Order is not intended to address claims of attorney-client privilege or attorney work product immunity by any non-party except Cranfill Sumner and the retained experts. If Cranfill Sumner and/or the retained experts have privilege claims of their own that cannot be waived by Lee or the Zurich Defendants, such claims are not affected by this Order.

**NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE
AND WORK PRODUCT IMMUNITY**

Production of the Privileged Information to Scott in this lawsuit through the procedures set forth in Consent Protective Order No. 1 is deemed to be a limited waiver of privileges and immunities with respect to such Privileged Information waiving only as to Scott and only for the purposes of this lawsuit. Production of Privileged Information to Scott pursuant to Consent Protective Order No. 1 and Consent Protective Order No. 2 is not a waiver of the attorney-client privilege or the attorney work product immunity doctrine as to any non-party.

## ADDITIONAL PROTECTION

Nothing in the foregoing provisions of this Consent Protective Order No. 2 shall be deemed to preclude Zurich Defendants, Lee, Cranfill Sumner, or the retained experts from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Order with respect to particular material designated hereunder. If Cranfill Sumner and/or the retained experts believe it is necessary and appropriate to bind themselves to the Consent Protective Order No. 1 and Consent Protective Order No. 2 in order to produce their documents pursuant to subpoena, Cranfill Sumner and/or the retained experts shall do so by signing an acknowledgement agreeing to be bound by both Orders.

**AGREED AND STIPULATED TO:**

s/Andrew W. Lax
Andrew W. Lax, Esquire, NC Bar No. 13014
Louis G. Spencer, NC Bar No. 36019
McNair Law Firm, P.A.
Two Wachovia Center
301 South Tryon Street, Suite 1615
Charlotte, North Carolina 28282
704.347-1170
alax@mcnair.net

Benjamin E. Nicholson, V
[admitted *pro hac vice*]
McNair Law Firm, P.A.
Post Office Box 11390
Columbia, SC 29211
803.799.9800
nnicholson@mcnair.net
Attorneys for the Plaintiff

        s/James W. Bryan
        James W. Bryan, NC Bar No. 16575
        Gary L. Beaver, NC Bar No. 10244
        P. O. Box 3463
        Greensboro, NC 27402
        336.373.1600
        jbryan@nexsenpruet.com
        gbeaver@nexsenpruet.com
        Attorneys for Defendants Zurich


        s/Stephen G. Teague
        Stephen G. Teague, NC Bar No. 11112
        Lynn K. Broom, NC Bar No. 17674
        Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC
        101 S. Elm Street, Suite 350
        Greensboro, NC 27401
        336.272.4810
        sgt@trslaw.com
        lkb@trslaw.com
        Attorneys for Defendant Scott


## **ORDER OF APPROVAL**

IT IS ORDERED that the foregoing terms of Consent Protective Order No. 2 agreed to by the parties are approved, shall be made of record, and shall govern the disclosure and use of privileged information in this action.

        Signed: May 31, 2011

        David C. Keesler
        United States Magistrate Judge