UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:10-CV-00539-FDW-DCK

| | |
|---|---|
| LEE CONSTRUCTION COMPANY OF THE CAROLINAS, INC., | ) ) ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) ) |
| ZURICH AMERICAN INSURANCE COMPANY, ZURICH SERVICES CORPORATION, and JAMES A. SCOTT & SON, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## CONSENT PROTECTIVE ORDER NO. 3

Defendants Zurich American Insurance Company ("Zurich American") and Zurich Services Corporation ("Zurich Services") (collectively "Zurich Defendants"), Defendant James A. Scott & Son, Inc. ("Scott"), and Plaintiff Lee Construction Company of the Carolinas, Inc. ("Lee") (collectively "the Parties") agree that the above action may involve the production or disclosure of information by Zurich Defendants, Lee, the non-party law firm Stiles, Byrum & Horne ("SBH"), and certain non-party experts and independent insurance adjusters retained to perform work related to the bridge collapse at issue, that may be protected by the attorney-client privilege or the attorney work product immunity doctrine (hereinafter "PRIVILEGED INFORMATION AS TO SBH"). The Parties also agree that the above action may involve the production or disclosure of information by Zurich Defendants and the non-party law firm Butler Pappas Weihmuller Katz Craig, LLP ("Butler Pappas") that may be protected by the attorney-

1

client privilege or the attorney work product immunity doctrine (hereinafter "PRIVILEGED INFORMATION AS TO BUTLER PAPPAS"). Accordingly, the Parties hereby stipulate, subject to approval by the Court, to the following as a protective order which shall govern the production or disclosure of PRIVILEGED INFORMATION AS TO SBH and PRIVILEGED INFORMATION AS TO BUTLER PAPPAS to ensure that the privileges and immunities protecting such information continue as to non-parties to this case.

This Consent Protective Order governs the production or disclosure of all potentially PRIVILEGED INFORMATION AS TO SBH and potentially PRIVILEGED INFORMATION AS TO BUTLER PAPPAS produced by Zurich Defendants, Lee, SBH, Butler Pappas and/or the retained experts and independent insurance adjusters during the course of discovery, hearings, or trial in this action. Any portion of a deposition transcript, pleading, or other document into which PRIVILEGED INFORMATION AS TO SBH and PRIVILEGED INFORMATION AS TO BUTLER PAPPAS is placed or quoted shall also be considered PRIVILEGED INFORMATION AS TO SBH and PRIVILEGED INFORMATION AS TO BUTLER PAPPAS, respectively.

## PROCEDURE

With regard to PRIVILEGED INFORMATION AS TO SBH and PRIVILEGED INFORMATION AS TO BUTLER PAPPAS, the parties shall follow the processes for designating, marking, discovering, and using such information and acknowledging the protections provided for Confidential Information in Consent Protective Order No. 1. All of the provisions of Consent Protective Order No. 1 shall apply to the PRIVILEGED INFORMATION AS TO SBH marked by Zurich Defendants, Lee, SBH, and the retained experts and independent insurance adjusters as Confidential Information and shall apply to the PRIVILEGED

INFORMATION AS TO BUTLER PAPPAS marked by Zurich Defendants and Butler Pappas, and such provisions are incorporated into this Order by reference. This Order is not intended to address claims of attorney-client privilege or attorney work product immunity by any non-party except SBH, Butler Pappas, and the retained experts and independent insurance adjusters. If SBH, Butler Pappas, and/or the retained experts and independent insurance adjusters have privilege claims of their own that cannot be waived by Lee and/or the Zurich Defendants, such claims are not affected by this Order.

### NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT IMMUNITY

Production of the PRIVILEGED INFORMATION AS TO SBH to Scott in this lawsuit through the procedures set forth in Consent Protective Order No. 1 is deemed to be a limited waiver of privileges and immunities with respect to such PRIVILEGED INFORMATION AS TO SBH waiving only as to Scott and only for the purposes of this lawsuit. Production of PRIVILEGED INFORMATION AS TO SBH to Scott pursuant to Consent Protective Order No. 1 and Consent Protective Order No. 3 is not a waiver of the attorney-client privilege or the attorney work product immunity doctrine as to any non-party.

Production of the PRIVILEGED INFORMATION AS TO BUTLER PAPPAS to Lee and Scott in this lawsuit through the procedures set forth in Consent Protective Order No. 1 is deemed to be a limited waiver of privileges and immunities with respect to such PRIVILEGED INFORMATION AS TO BUTLER PAPPAS waiving only as to Lee and Scott and only for the purposes of this lawsuit. Production of PRIVILEGED INFORMATION AS TO BUTLER PAPPAS to Lee and Scott pursuant to Consent Protective Order No. 1 and Consent Protective Order No. 3 is not a waiver of the attorney-client privilege or the attorney work product immunity doctrine as to any non-party.

## ADDITIONAL PROTECTION

Nothing in the foregoing provisions of this Consent Protective Order No. 3 shall be deemed to preclude Zurich Defendants, Lee, SBH, Butler Pappas or the retained experts and independent insurance adjusters from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Order with respect to particular material designated hereunder. If SBH, Butler Pappas and/or the retained experts and independent insurance adjusters believe it is necessary and appropriate to bind themselves to the Consent Protective Order No. 1 and Consent Protective Order No. 3 in order to produce their documents pursuant to subpoena, SBH, Butler Pappas and/or the retained experts and independent insurance adjusters shall do so by signing an acknowledgement agreeing to be bound by both Orders.

**AGREED AND STIPULATED TO:**

s/Andrew W. Lax
Andrew W. Lax, Esquire, NC Bar No. 13014
Louis G. Spencer, NC Bar No. 36019
McNair Law Firm, P.A.
Two Wachovia Center
301 South Tryon Street, Suite 1615
Charlotte, North Carolina  28282
704.347-1170
alax@mcnair.net

Benjamin E. Nicholson, V
[admitted *pro hac vice]*
McNair Law Firm, P.A.
Post Office Box 11390
Columbia, SC  29211
803.799.9800
nnicholson@mcnair.net
Attorneys for the Plaintiff

    s/James W. Bryan  
    James W. Bryan, NC Bar No. 16575  
    Gary L. Beaver, NC Bar No. 10244  
    P. O. Box 3463  
    Greensboro, NC 27402  
    336.373.1600  
    jbryan@nexsenpruet.com  
    gbeaver@nexsenpruet.com  
    Attorneys for Defendants Zurich

    s/Stephen G. Teague  
    Stephen G. Teague, NC Bar No. 11112  
    Lynn K. Broom, NC Bar No. 17674  
    Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC  
    101 S. Elm Street, Suite 350  
    Greensboro, NC 27401  
    336.272.4810  
    sgt@trslaw.com  
    lkb@trslaw.com  
    Attorneys for Defendant Scott

## ORDER OF APPROVAL

IT IS ORDERED that the foregoing terms of Consent Protective Order No. 3 agreed to by the parties are approved, shall be made of record, and shall govern the disclosure and use of privileged information in this action.

    Signed: September 21, 2011

    David C. Keesler  
    United States Magistrate Judge