# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:10-CV-539-FDW-DCK

| | |
|---|---|
| LEE CONSTRUCTION COMPANY OF THE CAROLINAS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     **ORDER** <br>) |
| ZURICH AMERICAN INSURANCE COMPANY, ZURICH SERVICES CORPORATION, and JAMES A. SCOTT & SON, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Quash Subpoenas To Jerry Lawrence, Sandra Oldham And Mid-Atlantic Insurance Services Of North Carolina, LLC" (Document No. 68) filed December 19, 2011, and the "Response Of Defendant James A. Scott & Son, Inc.'s ... " (Document Nos. 70-71) filed December 20, 2011. The pending motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having fully considered the motion and the record, the undersigned will grant the motion.

In short, the non-party proposed deponents, Lawrence, Oldham, and Mid-Atlantic ("Movants"), seek an Order from this Court quashing subpoenas issued by Defendant Scott & Son through this Court, requiring their attendance and/or the production of documents in Greensboro, North Carolina and Altavista, Virginia, on December 26-27, 2011. (Document Nos. 68-69); see also, (Documents 68-1 through 68-7). Movants raise several objections to the subpoenas and depositions as currently proposed. Id.

At this time, the Court finds the requirement of Fed.R.Civ.P. 45(a)(2)(B) & (C) most

compelling. Rule 45 provides that a subpoena, for attendance at a deposition, or for production or inspection, must issue "from the court for the district where the deposition is to be taken" or "where the production or inspection is to be made." Fed.R.Civ.P. 45(a)(2)(B) & (C). Neither the depositions or production are proposed to occur in the Western District of North Carolina.

Based on the undersigned's reading of Rule 45, and the totality of circumstances, the pending motion to quash will be granted. However, the Court will also *sua sponte* allow Movants and Defendant Scott & Son additional time to conduct the proposed depositions. It is the Court's expectation that counsel for Movants and Defendant Scott & Son will immediately confer and re-schedule the proposed depositions for a time and place that is mutually agreeable.

**IT IS, THEREFORE, ORDERED** that the "Motion To Quash Subpoenas To Jerry Lawrence, Sandra Oldham And Mid-Atlantic Insurance Services Of North Carolina, LLC" (Document No. 68) is **GRANTED**.

**IT IS FURTHER ORDERED** that Movants' depositions be re-scheduled as soon as possible and completed no later than **January 13, 2012**.

**SO ORDERED**.

Signed: December 20, 2011

David C. Keesler
United States Magistrate Judge